UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. |
| | § | |
| $37,603.00 in U.S. Currency, | § | |
| Defendant. | § | |

# **VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM**

The United States of America files this action for forfeiture and alleges upon information and belief:

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6).

*Defendant Property*

2. The Defendant is $37,603.00 in United States currency (the "Defendant Property").

3. On or about August 22, 2019, law enforcement officers seized the Defendant Property from Dadrian La-Jon Anderson in Houston, Texas. The Defendant Property is currently in a bank account in the custody of the United States Marshals Service.

4. On or about October 23, 2019, Anderson submitted a claim to the U.S. Drug Enforcement Administration (hereinafter "DEA") contesting administrative forfeiture of the Defendant Property.

*Jurisdiction and Venue*

5.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

6.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

*Statutory Basis for Forfeiture*

7.  The Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, et. seq.), all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of the Controlled Substances Act.

*Facts*

8.  On or about August 22, 2019, Dadrian La-Jon Anderson (hereinafter "Anderson") entered a security checkpoint at George Bush Intercontinental Airport and placed a backpack and duffle bag in a Transportation Security Administration ("TSA") plastic tray in preparation for screening. As the two bags entered the X-ray screening machine, a TSA officer observed a firearm in the backpack. In accordance with TSA protocol, the conveyor belt was stopped and the backpack left in the screening machine.

9.  Houston Police Department officers G. Guerrero and TSA Officer Charles Wachuku observed the firearm in the backpack in the monitor of the X-ray screen. Officer Guerrero took possession of the backpack and duffle bag, and escorted Anderson to a TSA

secondary screening room. In the screening room, Officer Guerrero opened the backpack and saw a fully loaded Springfield X-D9 9mm semi-automatic pistol sitting atop a large amount of U.S. currency. The firearm and currency were resting on clothing in the backpack. During further inspection of the backpack, Officer Guerrero found a large bundle of U.S. currency concealed in clothing at the bottom of the bag.

10. Officer Guerrero questioned Anderson about the firearm. Anderson said he had put the firearm in the backpack earlier in the day and forgot he put it there. He claimed the firearm belongs to his father. When asked about the U.S. currency, Anderson said it belonged to him.

11. Due to the large amount of currency found in the backpack, narcotics officer Dan Eller (hereinafter "Eller"), who is assigned to the Houston HIDTA/Tarp, took over the investigation. Anderson consented to speak to Eller. When asked about his travel destination, Anderson said he was going to Los Angeles, California with a friend. Officers identified Anderson's companion as Donald Winn (hereinafter "Winn"). Officers saw Winn in a wheelchair adjacent to the TSA secondary screening room. According to Anderson, Winn had suffered a recent knee injury. Anderson told that Winn had nothing to do with the gun or money.

12. Anderson told Eller that said he purchased airline tickets online the previous day. He planned to travel to Los Angeles and stay there for three days, hesitated a while, then said he might stay there longer. Anderson claimed he was going use an Uber for transportation in Los Angeles and lodge at an Airbnb, but could not recall the name.

13.     Eller asked Anderson whether the U.S. currency found in the bag belonged to him and if he knew the amount. Anderson said the bag contained $35,000.00 and that the money belong to him. When asked how he obtained the money, Anderson said that a friend named Rini gave it to him. He was unable to provide information about Rini. According to Anderson, Rini gave him the money the previous week as a birthday gift. The two are good friends. Rini told Anderson to go to Los Angeles and have a good time. Anderson told Eller he was going to party and hang out.

14.     Officer Eller asked Anderson how long he had been carrying the cash around. Anderson told Eller he had been in Austin most of the previous week with a girl whose name he did not know. Anderson initially indicated that he took the money with him to Austin but then hesitated and said he kept it at a house in Houston. When asked what house he lived at, Anderson said, "I don't have a house, I stay all around." The only place he calls home is it grandmother's house.

15.     Officer Eller asked Anderson about his employment. Anderson told Eller he is good at saving money. He claimed he earned some of the cash from previous jobs, working at a restaurant and other odd jobs. When Eller again asked Anderson how much of the money actually belonged to him, Anderson said approximately eight to ten thousand dollars. Anderson said he did not really know how much money was in the backpack because he did not count it. As for the backpack that looked new to Eller, Anderson said it belonged to friends. Anderson stays all around and his friends have backpacks and other bags at their houses so it is common for him to use someone else's backpack or luggage.

16. Officer Eller presented Anderson with a voluntary disclaimer of ownership and interest form. Eller explained told Anderson that if he signed the form, the money officers found in the backpack would be forfeited to law enforcement authorities. Eller explained to Anderson that he did not have to sign the form. Anderson told Eller he understood his rights and signed the form forfeiting the money.

17. Canine Officer, Doyle ran a sniff dog on the currency confiscated from Anderson. Police officers concealed the currency in a cleared area in a location unknown to his narcotics canine. The canine alerted to the currency hidden inside the bags. The canine is a certified Narcotics Canine with the N.N.D.D.A. (National Narcotics Detector Dog Association Inc.). The canine is trained to sniff odors including marijuana, heroin, methamphetamine and MMDA.

18. Anderson's criminal history reflects three arrests, one for possession of marijuana.

19. The Defendant Property was furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substance Act, 21 U.S.C. § 801, et. seq., is proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

## **NOTICE TO ANY POTENTIAL CLAIMANT**

YOU ARE HEREBY NOTIFIED that if you assert an interest in Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified

claim which fulfills the requirement set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent.

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this Complaint.

*Requested Relief*

Wherefore, the United States of America requests that judgment of forfeiture be entered against the $37,603.00 U.S. currency in favor of the United States of America under 21 U.S.C. § 881(a)(6) in addition to such costs and other relief to which the United States of America may be entitled.

    Respectfully submitted,

    RYAN K. PATRICK
    United States Attorney


By:    Abe Martinez
    Abe Martinez
    Assistant United States Attorney
    United States Attorney's Office
    Southern District of Texas
    1000 Louisiana, Suite 2300
    Houston, TX 77002
    (713) 567-9000
    abe.martinez@usdoj.gov

<u>Verification</u>

I, Lawrence Lilly, a Special Agent employed by the U.S. Drug Enforcement Administration, declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on this the 21 day of January 2020.

_____
Lawrence Lilly
Special Agent
U.S. Drug Enforcement Administration